D & F

[Judge's handwritten notes: Treat as/no other/returnable/11-28/cc to counsel]

November 7, 2012

**VIA OVERNIGHT DELIVERY**

The Honorable Judge Robert Sweet
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re: Roseanne Zito v. Fried Frank (1:09-cv-09662)

Dear Judge Sweet:

    I am a reporter for *The American Lawyer*, and have, along with my current and former colleagues, been covering the law firm of Fried, Frank, Harris, Shriver & Jacobson for years. Most recently, I covered the dismissal of the discrimination lawsuit brought in your court by former Fried Frank secretary Roseanne Zito. We are also engaged in a long-running and continual effort to report on how law firms generally (and Fried Frank in particular), have been affected by the 2008 financial crisis. I am writing to request that the Court provide the public and press with access to sealed court documents in the case *Roseanne Zito v. Fried Frank* (1:09-cv-09662). In particular, we are seeking access to Fried Frank's motion for summary judgment, including any attachments or exhibits.

    It is well settled that the common law of New York and the United States Constitution provide a right of public access to judicial proceedings and records. Press-Enterprise Co. v. Superior Court, 478 U.S. 1 (1986); Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555 (1980); Johnson Newspaper Corp. v. Morton, 862 F.2d 25 (2d Cir. 1988); Mosallem v. Berenson, 76 A.D.3d 345 (N.Y. App. Div 2010).

    Access means more than the ability to attend open court proceedings; "The existence of the common law right to inspect and copy judicial records is beyond dispute." In re Application of National Broadcasting Company, Inv. v. Myers, 635 F.2d 945 (C.A. N.Y. 1980). This right, which predates the Constitution, is based on the public's right to know, which encompasses public documents generally, and the public's right to open courts, which applies to judicial records. Hartford Courant v. Pellegrino, 380 F.3d 83 (C.A.2 (Conn.) 2004); see also United States v. Smith, 787 F.2d 111 (3d Cir. 1986); United States v. Martin, 746 F.2d 964 (3d Cir. 1984). Indeed, it is a right "fundamental to a democratic state." United States v. Mitchell, 551 F.2d 1252, 1258 (D.C. Cir. 1976).

The presumption of openness "may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Press-Enterprise v. Superior Court, 464 U.S. 501, 510 (1984) ("Press-Enterprise I"); JohnsonWestchester Rockland Newspapers v. Leggett, 399 N.E.2d 518 (N.Y. 1979). Thus, before closing proceeding or records, the court must articulate clearly for the record the overriding interest it seeks to protect and make findings for the record that are specific enough that the appellate court can review them. See People v. Bici, 621 N.Y.S.2d 666 (N.Y. App. Div. 1995). Moreover, the court must consider alternatives to closure and must state on the record its specific reasons for rejecting these possible alternatives. See ABC, Inc. v. Stewart, 360 F.3d 90 (2d Cir. 2004); United States v. Simone, 14 F.3d 833, 840-42 (3d Cir. 1994); Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071-73 (3d Cir. 1984). Given that the right of access is firmly grounded in common-law principles, and is an important, constitutional right arising from the First and Sixth Amendments (as applied to the States by the Fourteenth Amendment), the public, including the press, should be heard before judicial records and proceedings are closed to the public. See generally Danco Laboratories v. Chemical Works of Gedeon Richter, 711 N.Y.S.2d 419, 423 (App. Div. 2000) (noting that "the existence of the correlating common-law right to inspect and copy judicial records is "beyond dispute.").

Access serves numerous noteworthy purposes. It:

- promotes informed discussion of governmental affairs by providing the public with a more complete understanding of the judicial system

- serves an important "educative interest"

- gives "the assurance that the proceedings were conducted fairly to all concerned" and promotes the public "perception of fairness"

- has a "significant community therapeutic value" because it provides an "outlet for community concern, hostility, and emotion"

- serves as a check on corrupt practices by exposing the judicial process to public scrutiny, thus discouraging decisions based on secret bias or partiality

- enhances the performances of all involved.

United States v. Criden, 675 F.2d 550, 556 (3d Cir. 1982) (quoting Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 569-72, 584, 596-97 (1980)); see also Publicker, 733 F.2d at 1068-70.

Access to these sealed documents is important because it will help shed light on how Fried Frank and other law firms were affected by the 2008 financial crisis. Specifically, in Your Honor's summary judgment order, you noted that Fried Frank's profits fell 20 percent in 2008. This information, and the background provided in the

summary judgment motion itself, is critical to our readership's understanding of the immediate effect of the crisis on their industry, and creates a base by which our readers can judge the recovery of firms and the continued financial viability of the current law firm model. Of course, to the extent the summary judgment papers include references to trade secret or other confidential information not of public concern, such information can be redacted without impinging on the State's broad presumption of open access. Danco Labs, 274 A.D.2d at 6 ("any order denying access must be narrowly tailored," and noting that "appropriate redaction is a valid method of protecting trade secrets when a movant seeks to seal an entire case file."). However, the fact that you noted the profit number in your Order suggests that you understood it to be a relevant data point on which your decision was based (thus supporting the presumption of access), and also that you do not consider this information a trade secret.

Accordingly, I respectfully request that the Court unseal Fried Frank's summary judgment brief and grant my request for access. Should Your Honor determine that a hearing is necessary, I request the opportunity for myself or one of my colleagues to be heard at such hearing on behalf of *The American Lawyer*.

Respectfully submitted,

Sara Randazzo

Bc:   Robin Sparkman